UNITED STATE DISTRICT COURT
THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| ALEKSANDR PANKOV, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No.: 2:20-cv-626 |
| ) | |
| ICE/DHS, ) | |
| ) | |
| Respondent. ) | |

## REPORT AND RECOMMENDATION

Petitioner Aleksandr Pankov, an immigration detainee, filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. This case was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B)–(C) and Rule 72(b) of the Federal Rules of Civil Procedure, and Local Civil Rule 72. Because the Petitioner's claim is moot, the undersigned **RECOMMENDS** that the Respondent's Motion to Dismiss be **GRANTED** and the Petition be **DENIED** and **DISMISSED** as moot.

## I. STATEMENT OF THE CASE

Pankov filed this Petition for Writ of Habeas Corpus on December 15, 2020, seeking relief from detention pending his deportation and cancellation of his removal order to his country of citizenship, Kyrgyzstan. ECF No. 1. Pankov was released from detention and was in fact removed from the United States to Kyrgyzstan on February 9, 2021. His petition is therefore moot.

Per the Declaration of James Mullan, ICE Assistant Field Office Director, ECF No. 7 attach 1, Pankov arrived in the United States on or about March 20, 2020 in New York, NY, and was

taken into DHS custody. *Id.* ¶¶ 1, 5. Administrative hearings were held before an Immigration Judge on August 14, 2020 and Pankov was ordered removed from the United States to Kyrgyzstan. *Id.* ¶ 6. His removal order became final on September 13, 2020, with no proper appeal having been filed. *Id.* ¶ 6; ECF No. 1 at 2–3. On February 9, 2021, Pankov was removed from the United States to Kyrgyzstan. ECF No. 7 attach 1, ¶ 7.

On February 5, 2021 the Court ordered service on Respondents and directed them to answer or otherwise respond to the Petition within sixty days. ECF No. 5. Respondent then filed a Motion to Dismiss the habeas petition and memorandum in support on February 12, 2021, and notified Pankov that he was able to oppose the Motion to Dismiss and the consequences of his failure to do so. ECF No. 6-8; *See Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975). Pankov did not file a response, nor did he submit any change of address form advising the Court of his release or address where pleadings should be directed. The court mailings to Pankov were returned as undeliverable on February 26, 2021. ECF No. 9.

## II ANALYSIS

The issues in Pankov's Habeas Petition are moot as there remains no case or controversy due to Pankov's release and removal. Article III of the U.S. Constitution limits the jurisdiction of federal courts to the adjudication of actual cases and controversies. U.S. Const. art. III, § 2, cl. 1. The requirement of ongoing controversy extends throughout the pendency of the action. *J.W. v. Knight*, 452 F. App'x 411, 414 (4th Cir. 2011) (citing *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975). "'[A] case is moot when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.'" *J.W.*, 452 F. App'x at 414 (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969). Finally, a case can become moot due to a change in the

facts or in the law. *See J.W.*, 452 F. App'x at 414 (citing *Ross v. Reed*, 719 F.2d 689, 693–94 (4th Cir. 1983).

In this case, Pankov's Habeas Petition is moot due to a change in the facts. Specifically, he sought release from his detention and cancellation of his removal order. As stated above, Pankov was released and removed to his home country of Kyrgyzstan on February 9, 2021. As a result of his release, the claim in his Petition has been rendered moot.

There are two possible exceptions to the mootness doctrine: (1) "'collateral consequences; and (2) matters 'capable of repetition, yet evading review.'" *Leonard v. Hammond*, 804 F.2d 838, 842 (4th Cir. 1986) (quoting *Carafas v. LaVallee*, 391 U.S. 234, 237). Neither of these exceptions apply to Pankov's claim because the Petitioner was released from detention on February 9, 2021, and removed from the United States to Kyrgyzstan. Having received the only relief Petitioner sought and which is available to him—release from detention—his Habeas Petition is moot. *See Friedman's, Inc. v. Dunlap*, 290 F.3d 191, 197 (4th Cir. 2002) (explaining a claim may be mooted "when the claimant receives the relief he or she sought to obtain through the claim," because there is "no [longer] effective relief available in federal court."). Pankov has no additional claim for relief because he only challenged his pre-removal detention and cancellation of his removal order, not the basis for removal itself. *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (holding that because the Movant only challenged the length of his sentence, his release also rendered the motion moot, as no "collateral consequences" of his conviction existed).

In addition to release from detention, Pankov also sought cancellation of his removal order. However, seeking cancellation of his removal order fails as a matter of law. A petitioner cannot seek the cancellation of a removal order through a petition for writ of habeas corpus. *Dep't of Homeland Sec. v. Thuraissigiam*, 140 S. Ct. 1959, 1969–70 (2020) (explaining that vacatur of the

petitioner's removal order might fit an injunction or a writ of mandamus, but it is outside the scope of the common-law habeas writ). Because neither of the mootness doctrine exceptions apply, and the cancellation of his removal order fails as a matter of law, Pankov's claims under his § 2241 Habeas Petition are moot.

### III. RECOMMENDATION

Because Pankov has been released and removed to his home country, Kyrgyzstan, and there remains no case or controversy, his claims in this Habeas Petition are moot. Accordingly, the undersigned **RECOMMENDS** that the Respondent's Motion to Dismiss, ECF No. 7, be **GRANTED** and that Pankov's Petition for Writ of Habeas Corpus, ECF No. 1, under 28 U.S.C. § 2241 be **DENIED** and **DISMISSED** as moot.

### IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and filed with the Clerk any written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this Report to the objecting party, 28 U.S.C. § 636(b)(1)(C), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

2. A United State District Judge shall make a *de novo* determination of those portions of this Report or specified findings or recommendations to which objection is made. The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of right to appeal from a judgment of this Court based on such findings

and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

The Clerk is **DIRECTED** to forward a copy of this Order to the Petitioner, and counsel of record for the Respondent.

It is so **ORDERED**.

/s/
Lawrence R. Leonard
United States Magistrate Judge

Lawrence R. Leonard
United States Magistrate Judge

Norfolk, Virginia
June 22, 2021